## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:**

MARIO SANCHEZ,

    Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC., a Florida corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Mario Sanchez, is a natural person who resides in the City of Pueblo, County of Pueblo, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Central Credit Services, Inc., is a Florida corporation and a collection agency operating from an address at 9550 Regency Square Boulevard, Suite 500, Jacksonville, FL, 32225.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

9. Sometime before December 2006 the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal account owed to Circuit City (hereinafter the "Account").

10. Due to circumstances beyond the Plaintiff's control the Account was not paid and it went into default with the creditor.

11. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

12. On or about February 2007 through April 2007 the Plaintiff received phone calls and messages from representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the phone calls and messages. These phone calls and messages

      each individually constituted a "communication" as defined by FDCPA § 1692a(2).

13. During the phone calls on or about February 2007 through April 2007 representatives, employees and / or agents of the Defendant repeatedly falsely threatened the Plaintiff that they would take him to Court if he did not pay the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(5), e(10) and 1692f preface.

14. During the phone calls on or about February 2007 through April 2007 representatives, employees and / or agents of the Defendant repeatedly falsely threatened to increase the balance owing on the Account from approximately $1,000.00 to over $2,000.00 if the Plaintiff did not pay the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(5), e(10), 1692f preface and f(1).

15. During the phone calls on or about February 2007 through April 2007 representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly talked to the Plaintiff's brother, Eloy Gonzalez, about the Plaintiff's account including repeatedly telling him that they were calling from Central Credit Services about the Plaintiff's past due Circuit City account. The representatives, employees and / or agents of the Defendant repeatedly yelled at Mr. Gonzalez during these phone calls. These actions constitute

       violations of the FDCPA including but not limited to 1692c(b), 1692d preface, d(2), 1692e preface, e(5), e(10) and 1692f preface.

16. During the phone calls on or about April 2007 representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly falsely threatened the Plaintiff that he had committed a federal offense by bouncing checks. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(4), e(5), e(7), e(10) and 1692f preface.

17. During a phone call on or about April 2007 a representative, employee and / or agent of the Defendant called the Plaintiff's residence and talked to the Plaintiff's wife, Crystal Sanchez. This phone call constituted a "communication" as defined by FDCPA § 1692a(2).

18. The unknown collector repeatedly falsely threatened to issue a warrant for the Plaintiff and have the Plaintiff thrown in jail if he did not pay the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(4), e(5), e(7), e(10) and 1692f preface.

19. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

20. The Defendant and its representatives, employees and / or agents above listed statements and actions constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(b).

21. The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

22. The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7) and e(10).

23. The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

24. The Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying his alleged debt.

25. The Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

26. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## **RESPONDEAT SUPERIOR**

27. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

28. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

29. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

30. The previous paragraphs are incorporated into this Count as if set forth in full.

31. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(b) § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), 1692f preface and f(1).

32. The Defendant's violations are multiple, willful and intentional.

33. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

                                       Respectfully submitted,

                                       _s/ David M. Larson_____
                                       David M. Larson, Esq.
                                       Attorney for the Plaintiff
                                       405 S. Cascade Avenue, Suite 305
                                       Colorado Springs, CO 80903
                                       (719) 473-0006

<u>Address of the Plaintiff:</u>
705 E Arroyo Avenue
Pueblo, CO 81006